IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Civil Action No.: 6:13-CV-760-MGL

| | |
|---|---|
| Craig Carver, Individually and on Behalf of a Class of South Carolina Investors (legal or Beneficial Owners) of Shares in Regent Bancorp, Inc., as Defined Herein, <br><br>  Plaintiffs, <br><br> v. <br><br> Cyril S. Spiro, Pamela Joy Owens, Regent Bank, Regent Bancorp, Inc., Thomasina Caporella, G. Jean Cerra, John C. Csapo, Alfred D. Griffin, Jr., Olin M. Hill, Irving Rosenbaum, George D. Town, Barry Webber, Neill LeCorgne, Richard J. Gray, Jim Afflerback, and David R Mazza, <br><br>  Defendants. | **MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> **BY DEFENDANTS CAPORELLA, CERRA, CSAPO, GRIFFIN, HILL, ROSENBAUM, TOWN, WEBBER, GRAY, AFFLERBACK, and MAZZA** <br><br> **Federal Rules of Civil Proc. 12(b)(2), 12(b)(6) and 9(b)** |

Defendants Thomasina Caporella, G. Jean Cerra, John C. Csapo, Alfred D. Griffin, Jr., Olin M. Hill, Irving Rosenbaum, George D. Town, Barry Webber, Richard J. Gray, Jim Afflerback, and David R. Mazza (collectively "Defendants") submit this Motion to Dismiss the Second Amended Complaint for Lack of Personal Jurisdiction and for Failure to State a Claim Upon which Relief May Be Granted.

As described in detail in the accompanying Memorandum, Plaintiff's Second Amended Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because the Court lacks personal jurisdiction over them.

In addition, Plaintiff's Second Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to state a claim upon which relief can be granted. In particular: (I) all of Plaintiff's claims are barred by the statute of limitations; (II) Plaintiff's "promoter" theory of fiduciary liability is implausible and legally

PPAB 2065908v2

deficient; (III) Plaintiff does not plead his claims with required particularity; (IV) Defendants had no duty to disclose with respect to any of the "omissions" alleged by Plaintiff; and (V) Plaintiff has failed to allege reliance or causation in support of his claim for negligent misrepresentations.  Because the Second Amended Complaint is Plaintiff's third failed attempt to plead a valid claim for relief, the Second Amended Complaint should be dismissed with prejudice.

    This Motion is based upon the Second Amended Complaint and the documents referred to and incorporated by reference therein, relevant statutes and authorities, affidavits, and upon such supporting Memoranda and arguments as may be submitted in connection herewith.

[SIGNATURE BLOCK APPEARS ON FOLLOWING PAGE.]

Respectfully submitted this the 27th day of March 2013.

    Respectfully submitted,

    s/ Kristina A. Young
    James Lynn Werner, Esq. (Fed. ID No. 1079)
    jimwerner@parkerpoe.com
    Kristina A. Young, Esq. (Fed. ID No. 10073)
    kristinayoung@parkerpoe.com
    Parker Poe Adams & Bernstein LLP
    1201 Main Street, Suite 1450
    Columbia, SC 29201
    Phone: (803) 255-8000
    Fax: (803) 255-8017

OF COUNSEL:

Charles E. Raynal (NC Bar No. 32310)
charlesraynal@parkerpoe.com
Matthew H. Mall (NC Bar No. 36914)
matthewmall@parkerpoe.com
Parker Poe Adams & Bernstein, LLP
Wachovia Capitol Center
150 Fayetteville Street, Suite 1400
Raleigh, NC 27601
Phone: (919) 828-0564
Fax: (919) 834-4564

ATTORNEYS FOR DEFENDANTS

March 27, 2013

Columbia, South Carolina